## GERTRUDE SEIVER v. STATE.

No. A-9069.    Aug. 21, 1936.
(60 Pac. [2d] 403.)

R. L. Busey for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with Earnest Baird with transporting intoxicating liquor; the defendant waived a jury; was tried by the court and found guilty, and sentenced to imprisonment in the county jail for 30 days, and to pay a fine of $50. Motion for new trial was filed, considered, overruled, and the defendant duly excepted.

The testimony on behalf of the state shows that the sheriff, Harve Ball, and a deputy, Bill Gaddy, went to the home of the defendant; failing to find her at home they drove on and along the highway, where they met the defendant and Earnest Baird in a car; they halted them, got out and searched the car; neither of the officers had a warrant to search the car in which the defendant was riding or to arrest either the defendant or Earnest Baird.

In the direct examination a leading question was asked one of the state witnesses, if they had information that the defendant was out there, evidently meaning some point in or near Holdenville, and he answered, "Yes." The court refused to permit the witness to tell the source of his information.   When the officers searched the car, they found a quantity of whisky in the car.   They admit they did not see it and did not smell the odor of whisky until they approached the car and opened the door.   One of the state witnesses attempts to justify his action by saying he saw a bottle with a small quantity of whisky in it before he opened the door.   The surrounding circumstances and the actions of the officers do not justify this statement.   If the search of the car in which the defend-

ants were riding was a legal search, then the defendant was properly tried and convicted.

The defendant, in her motion for a new trial and in her assignments of errors, among other errors alleges:

"That the court erred in overruling her motion to strike the evidence of the arresting officer." And: "That the court erred in allowing incompetent, irrelevant and immaterial evidence to be presented, to which the defendant duly excepted at the time."

After a careful examination of the record and the testimony contained therein, it is only necessary to consider the two assignment of errors set out herein. The first question to be determined is the question, Was the search of the car in which the defendant was riding a lawful or unlawful search and seizure? Both the officers admit they went out to the home of the defendant for some purpose not disclosed by the record, and, finding the defendant away from home, they secured in some way information as to where the defendant had probably gone, and proceeded on their way out the road in the direction the information they claimed to have received advised them the defendant might be found. The source of that information is not disclosed, for the reason that the court would not permit the state witness to answer the defendant's counsel, holding that counsel for the defendant could not go into the question of the source of this information.

It is an unfortunate situation when officers of the law can go out and stop a defendant on the highway, and without any warrant for the arrest of the parties, or to search the car, and then be shielded and protected by the court and not required to tell what their information was, when it was received, or the source of that information. Why did the officers want to find the defendant?

They had no warrant for her arrest or to search the car in which she was riding. The defendant moved to suppress the testimony on the ground that it was illegally and unlawfully secured, and the court overruled her motion. Certainly the laws of this state will not permit officers to go out looking for some one, and when they find them on the highway stop the car in which the defendant was riding and make their search legal.

It is not the province of the officers of the law to violate the law in order to try to secure testimony against a party who they believe are violating the law, and, when an officer does violate the law in order to secure testimony, it is the duty of the court to say in its opinion that, first, let's have officers who obey and respect the law and perform their duty as provided by law, and, when this has been done, then the officer should receive commendation and approval of the court, but, when the officers fail to do their duty as provided by law, the court should not hesitate to say so, and hold that their action was unlawful and evidence secured by that unlawful act was inadmissible in any trial court.

There being no competent testimony other than the testimony unlawfully secured by the officers without any legal authority to stop and search the car on the highway, the judgment of the trial court is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and DOYLE, J., concur.